O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA WATT, | ) | NO. EDCV 10-938-MAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed a Complaint on June 29, 2010, seeking review of the denial by the Social Security Commissioner (the "Commissioner") of plaintiff's application for supplemental security income ("SSI"). On August 4, 2010, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on March 1, 2011, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and defendant requests that the Commissioner's decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for SSI. (Administrative Record ("A.R.") 9, 34.) Plaintiff, who was born on December 13, 1956 (A.R. 92),[1] claims to have been disabled since October 8, 1999, due to a hearing impairment, arthritis, back injury, asthma, head injury, and throat infection. (A.R. 34, 39.) Plaintiff has no past relevant work experience.[2] (A.R. 15.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 34, 39), plaintiff requested a hearing (A.R. 44). On April 14, 2009, plaintiff, who was not represented by counsel, appeared and testified at a hearing before Administrative Law Judge Joseph D. Schloss (the "ALJ"). (A.R. 20-31.) Vocational expert Troy L. Scott also testified. (A.R. 26-30.) On July 7, 2009, the ALJ denied plaintiff's claim (A.R. 9-17), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3). That decision is now at issue in this action

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since May 2, 2007, the application date. (A.R. 11.) The ALJ determined that plaintiff has the following severe impairments: low

---

[1] On the date plaintiff filed her application for SSI, plaintiff was 50 years old, which is defined as a "person closely approaching advanced age." (A.R. 60; 20 C.F.R. § 416.963.)

[2] Plaintiff has not worked since 1984. (A.R. 24.)

2

back pain, arthritis, asthma, and a hearing impairment. (*Id.*) The ALJ also determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), with the following exceptions:

> [Plaintiff] should not work in a noisy environment and should have the ability to wear assistive devices for hearing if needed. [Plaintiff] is precluded from climbing ladders, ropes, or scaffolds, from working around vibrations, unprotected machinery, and at heights. Related to her asthma, the claimant should work in a clean air environment and must avoid extreme heat or cold, wetness, and changes in humidity.

(A.R. 11.)

The ALJ concluded that, because plaintiff has no past relevant work, "[t]ransferability of job skills is not an issue." (A.R. 15.) Based on plaintiff's "age, education, work experience, and [RFC]," the ALJ determined that plaintiff is able to perform jobs "that exist in significant numbers in the national economy." (*Id.*) Accordingly, the ALJ concluded that plaintiff has not been under a disability within the meaning of the Social Security Act since May 2, 2007, the date the application was filed. (A.R. 16.)

3

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not

affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff makes the following claims: (1) the ALJ failed to properly develop the record regarding plaintiff's treating physician's opinions; (2) the ALJ improperly considered plaintiff's RFC; and (3) using the Dictionary of Occupational Titles (the "DOT"), the ALJ improperly determined that plaintiff could perform the jobs of hand packager, packing machine operator, electronics assembler, and cashier. (Joint Stipulation ("Joint Stip.") at 2-3.)

**I. The ALJ Failed To Consider All Medical Records And To Develop The Record Fully.**

Plaintiff contends that the ALJ failed to fully and fairly develop the record. Specifically, plaintiff contends that the ALJ: improperly disregarded a form completed by plaintiff's treating physician; failed to consider a second form completed by plaintiff's treating physician; and failed to properly develop the record even though plaintiff was

unrepresented at the hearing.[3] (Joint Stip. at 4-6.) As discussed below, the ALJ erred by failing to: (1) consider a treating physician's form; and (2) further develop the record, particularly given that plaintiff was unrepresented at her hearing.

It is the responsibility of the ALJ to resolve conflicts in medical testimony and analyze evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); *see also* 20 C.F.R. § 416.927(d). The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to observe the claimant. Magallanes, 881 F.2d at 751. When a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)(as amended). When the treating physician's "opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*.

---

[3] While there was some confusion as to plaintiff's primary physician, the ALJ credits Dr. Sisson as a treating physician for the purpose of his decision. The ALJ states that: "In the record the [plaintiff] identified Mr. Martinez, a physicians' assistant, as her primary caregiver. Nevertheless, even if Dr. Sisson, who completed [the] forms and is an associate of Mr. Martinez [the physicians' assistant who acted as plaintiff's caregiver], were to be considered a treating source, little weight is accorded to his opinions." (A.R. 14.)

6

An ALJ "has a special duty to fully and fairly develop the record and to assure that claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Pursuant to 20 C.F.R. § 416.912(e), the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, [or] the report does not contain all the necessary information . . . ." *See* Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (noting that "[i]f the ALJ thought he needed to know the basis of [the doctor's] opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry"). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)(*quoting* Smolen, 80 F.3d at 1288; *see also* Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005)("An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination."). An ALJ may discharge his duty to make an inquiry "in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." Tonapetyan, 242 F.3d at 1150.

"This duty extends to the represented as well as the unrepresented claimant." Tonapetyan, 242 F.3d at 1150. When a claimant is not represented by counsel, an ALJ "must be especially diligent in exploring for all the relevant facts." *Id.* The ALJ's duty to develop the record extends from the basic premise that social security hearings are not

adversarial in nature. Orcutt v. Barnhart, 2005 WL 2387702, at *3 (C.D. Cal. Sept. 27, 2005); *see also* Sims v. Apfel, 530 U.S. 103, 111, 120 S. Ct. 2080, 2085 (2000)("[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits"). "The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own findings that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous." Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

However, an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); *see also* Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004)(upholding the ALJ's rejection of an opinion that was "conclusionary in the form of a check-list," and lacked supporting clinical findings); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996)(ALJ properly rejected doctors' psychological evaluations because they were contained in check-off forms and lacked any explanation for their bases).

In this case, the ALJ gave "greatest weight" to the opinion of Dr. Girgis, the consultative examiner. (A.R. 14.) In his decision, the ALJ states that "[m]inimal weight has been given to the two [April 2007] forms submitted by [plaintiff]."[4] (*Id.*) The ALJ did not give probative

---

[4] In his decision, the ALJ states that "[t]he first [form], completed on April 17, 2007, is [in] a check the box format that alleges [plaintiff] is unable to work or attend vocational training due to 'breath' . . . . Likewise the second check-the-box opinion, completed two days later, is a form excusing [plaintiff] from having to

8

weight to the April 2007 forms completed by Dr. V. Duane Sisson, M.D., who the ALJ characterized as plaintiff's treating physician, because those forms "consisted of check-off reports that did not include any explanation of the bases of [Dr. Sisson's] conclusions." (*Id.*) The ALJ cites <u>Crane</u>, 76 F.3d at 253, to support his dismissal of the conclusory check-off reports. (*Id.*) The ALJ also states that "the final responsibility for determining the issue of disability is reserved for the Social Security Administration." (*Id.*) The ALJ relies on 20 C.F.R. § 416.927 to support his dismissal of Dr. Sisson's conclusory opinion that plaintiff is unable to work.[5] (*Id.*)

As an initial matter, while the ALJ discussed the April 2007 forms in his decision, it appears that the ALJ failed to discuss Dr. Sisson's March 9, 2009 "Authorization To Release Medical Information" form ("March 2009 form") (A.R. 170),[6] which plaintiff submitted at the April 14, 2009 hearing (A.R. 21).[7] In pertinent part, the March 2009 form indicates that: plaintiff has a medically verifiable condition that

---

participate in the 'Welfare to Work' program for one year." (A.R. 14.)

[5] Notwithstanding defendant's argument that Dr. Sisson's "forms addressed an issue reserved to the Commissioner, specifically that Plaintiff could not work" (Joint Stip. at 12), the ALJ had a duty to be "especially diligent in exploring for all the relevant facts," because plaintiff was unrepresented at the hearing. <u>Tonapetyan</u>, 242 F.3d at 1150. While the ultimate determination of disability *is* reserved for the Commissioner, this fact does not undermine the ALJ's *heightened* duty to further develop the record in a case, such as this, in which the plaintiff is unrepresented.

[6] Like the April 13, 2007 "Authorization To Release Medical Information" form, the March 2009 form contains the signature of Physicians' Assistant Martinez and a stamp with Dr. Sisson's name, title, and medical license number. (A.R. 170.)

[7] It appears that plaintiff submitted only three cursory forms in support of her disability claim. (A.R. 143, 169, 170.)

would limit or prevent her from performing certain tasks; plaintiff's condition is "chronic" with an onset date of 1997; plaintiff is actively seeking treatment; plaintiff is unable to work; plaintiff has limitations that affect her ability to work or participate in education or training; plaintiff's condition does not prevent her from providing care for the child(ren) in the home; and plaintiff's condition does not require someone to be in the home to care for her. (A.R. 170.) While an ALJ need not discuss every piece of evidence, an ALJ must explain why significant and probative evidence -- such as the March 2009 opinion of Dr. Sisson, plaintiff's treating doctor -- is rejected. The ALJ's failure to discuss Dr. Sisson's March 2009 opinion, let alone to give any reason for rejecting that opinion, constitutes error.

Further, because plaintiff was not represented by counsel at the hearing, the ALJ had a heightened responsibility to assist plaintiff during the hearing and to develop all facts, both for and against disability, so that the ALJ could make a proper disability determination on a complete record. Tonapetyan, 242 F.3d at 1150. The ALJ failed to satisfy his duty here. At the hearing, plaintiff presented the ALJ with Dr. Sisson's March 2009 form which indicated, *inter alia*, that plaintiff is actively seeking treatment -- a fact which, if true, would indicate that additional treatment records may be available that reflect the nature and extent of plaintiff's medical care. In view of these circumstances, the ALJ should have, and did not, seek to develop the record fully by contacting Dr. Sisson, obtaining plaintiff's treatment records, and seeking the reasoning behind Dr. Sisson's opinion that plaintiff is unable to work. (A.R. 143, 170.) The ALJ's failure to

10

develop the record constitutes reversible error.[8]

**II. The ALJ Improperly Assessed Plaintiff's RFC.**

Plaintiff contends that the ALJ failed to fully and properly consider the opinion of examining physician Dr. Bahaa Girgis, M.D., in determining plaintiff's RFC. (Joint Stip. at 16-17.) As discussed below, the ALJ erred in failing either to properly incorporate, or to explain the dismissal of portions of, Dr. Girgis's RFC findings.

The opinions of examining physicians may constitute substantial evidence upon which an ALJ may rely in assessing a claimant's RFC if they are properly supported by the medical evidence. See, e.g., Tonapetyan, 242 F.3d at 1149 (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant). In his decision, the ALJ summarized Dr. Girgis's opinion, and stated that "the greatest weight is given to Dr. Girgis' conclusions." (A.R. 14.) While it is not entirely clear, it appears that the ALJ nevertheless implicitly rejected Dr. Girgis's opinion in part, and without giving *any* reason for doing so, because the ALJ's RFC assessment does not reflect work restrictions consistent with

---

[8] Defendant's argument that there are no ambiguities that would trigger the ALJ's duty to develop the record is unconvincing. (A.R. 13.) In fact, the ALJ points out the following two ambiguities in his decision: plaintiff alleged that she was hit by a car on October 6, 2007; and the check box "that alleges [plaintiff] is unable to work or attend vocational training due to 'breath.'" (A.R. 12, 14.) Further, the conclusory forms submitted by plaintiff, particularly in view of the absence of other treating records, strongly suggest that further development of the record would aid the ALJ in making a proper determination of whether plaintiff has an impairment or combination of impairments that preclude(s) her from gainful employment.

11

Dr. Girgis's opinion that plaintiff must avoid working on "machinery equipment."[9] (A.R. 11, 14, 155.) The ALJ's implicit rejection of Dr. Girgis's opinion -- by his RFC restriction that plaintiff must not work around "unprotected machinery" (A.R. 11) -- does not meet the specific and legitimate standard contemplated by Ninth Circuit precedent.[10] *See* Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990)(mere summarization and implicit rejection of physician's opinion does not suffice). As plaintiff correctly asserts in the Joint Stipulation, "although the ALJ determined in his RFC that plaintiff is precluded from working around *unprotected machinery*, he completely omitted from the RFC that plaintiff should avoid working on machinery equipment. Dr. Girgis did not opine

---

[9] Defendant contends that the ALJ believed "Dr. Girgis's restriction against 'machinery equipment' was based on a concern that [plaintiff] avoid 'injury due to deafness'" and "linked the concern with avoiding injury to a restriction against unprotected machinery." (Joint Stip. at 18.) However, a reviewing court cannot affirm the denial of benefits based on a reason not stated or a finding not made by the ALJ, and defendant's after-the-fact attempt to supply an acceptable basis for the ALJ's decision is unavailing. *See*, *e.g.*, Connett, 340 F.3d at 874 (noting that a reviewing court is "constrained to review the reasons the ALJ asserts," and an ALJ's decision cannot be affirmed on the basis of evidence he did not discuss); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001)(an agency decision cannot be affirmed on the basis of a ground that the agency did not invoke in making its decision); *see also* Barbato v. Comm'r of Soc. Sec. Admin., 923 F.Supp. 1273, 1276 n.2 (C.D. Cal. 1996)(remand is appropriate when a decision does not adequately explain how a decision was reached, "[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions," because "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council")(citation omitted).

[10] Moreover, defendant's attempt to uphold the ALJ's "unprotected machinery" limitation is not persuasive. Defendant argues that "whether Dr. Girgis's assessment required a total preclusion against any sort of machinery, or a preclusion against unprotected machinery is, at best, subject to more than one rational interpretation." (Joint Stip. at 18.) However, if Dr. Girgis's limitation was ambiguous, the ALJ should have conducted an appropriate inquiry, especially as the limitation may significantly impact the determination of what jobs, if any, plaintiff can perform.

12

that plaintiff be precluded from working around *unprotected machinery*, he opined that plaintiff should avoid working on machinery equipment." (Joint Stip. at 15-16; emphasis added). The fact that plaintiff may be precluded from working around any machinery, rather than working around unprotected machinery, may be significant and may impact the vocational base for possible jobs that plaintiff can perform. Therefore, the ALJ's unexplained replacement of Dr. Girgis's limitation that plaintiff not work around "machinery equipment" with a limitation that plaintiff not work around "unprotected machinery" was improper.

Accordingly, the ALJ's RFC assessment is inconsistent with the medical evidence that plaintiff has deafness that prohibits her from working around machinery. On remand, the ALJ should reassess his RFC finding.

### III. The ALJ Must Reconsider What Jobs Plaintiff May Be Able to Hold In View Of Plaintiff's Reconsidered RFC.

Plaintiff contends that, in addition to erring by omitting Dr. Girgis's opinion "that plaintiff should avoid working on machinery equipment," the ALJ erred at step five by identifying jobs that "require demands in excess of plaintiff's RFC, such as exposure to working in a noisy environment, working on machinery equipment and not working in a clean air environment and not avoiding extreme heat." (Joint Stip. at 20.) Defendant acknowledges that the jobs of hand packager and packing machine operator are in excess of plaintiff's RFC. (Joint Stip. at 28-29.) As discussed below, the ALJ must reconsider his step five determination after reassessing plaintiff's RFC.

13

At step five of the sequential evaluation process, the Commissioner has the burden to show that a claimant is capable of performing a job that exists in substantial numbers in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). The Commissioner must take into consideration the claimant's RFC, age, education, and work experience. *Id.* at 1100. The Commissioner may satisfy this burden by obtaining the testimony of a vocational expert or referring to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2. *Id.* at 1101.

Because the ALJ may have erred in determining plaintiff's RFC and thus may not have posed a proper hypothetical to the vocational expert, his step five determination may be erroneous and should be reexamined upon remand. If the ALJ accepts Dr. Girgis's opinion that plaintiff should not work around any machinery, then he must identify appropriate jobs that do not include working with machinery. If he rejects Dr. Girgis's opinion based upon specific and legitimate reasons for doing so, then the ALJ must properly designate jobs that would accomodate plaintiff's RFC.

**IV.  Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179

("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.*, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

On remand, the ALJ must correct the above-mentioned deficiencies and errors.[11] After so doing, the ALJ may need to reassess plaintiff's RFC and those jobs that plaintiff can perform, in which case additional testimony from a vocational expert likely will be needed to determine what work, if any, plaintiff can perform.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for

---

[11] Upon developing the record, the ALJ should address other ambiguities in the record identified in his opinion, including the ambiguity regarding a car accident identified in Exhibit 8E (A.R. 115) and the ambiguity in Exhibit 1F in which the ALJ believed Dr. Sisson wrote "breath," but which plaintiff contends is "birth" (A.R. 14).

15

further proceedings consistent with this Memorandum Opinion and Order.

　　　IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 28, 2011

　　　　　　　　　　　　　　　　　　_Margaret A. Nagle_
　　　　　　　　　　　　　　　　　　MARGARET A. NAGLE
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE